**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAISY BONS, | ) |
|         Plaintiff, | ) Case No.: 2:15-cv-01132-GMN-GWF |
| vs. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) **ORDER** |
|         Defendant. | ) |

Pending before the Court is the Motion to Remand, (ECF No. 14), filed by Plaintiff Daisy Bones ("Plaintiff") and the Cross-Motion to Affirm, (ECF No. 15), filed by Defendant Nancy A. Berryhill[1] ("Defendant" or "the Commissioner"). These motions were referred to the Honorable George Foley, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). In the Report and Recommendation ("R&R"), (ECF No. 17), Judge Foley recommended that Plaintiff's Motion to Remand be denied and Defendant's Cross-Motion to Affirm be granted. Plaintiff filed an Objection, (ECF No. 18), and the Commissioner did not file a response.

**I.    BACKGROUND**

Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration pursuant to the Social Security Act, 42 U.S.C. § 405(g). (Compl., ECF No. 1). Plaintiff seeks judicial review of a final decision of the Commissioner of

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

the Social Security Administration denying her claims for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–403. (*Id.* ¶ 9).

Plaintiff applied for both disability insurance benefits and supplemental security income on November 18, 2011, which were denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("ALJ"). (R&R 1:24–2:8, ECF No. 17). Plaintiff timely requested Appeals Council review of the ALJ's decision, which was denied on April 16, 2015. (*Id.*). Plaintiff then filed her Complaint and the instant Motion in this Court.

## II.  **LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III.  **DISCUSSION**

Plaintiff argues that the Court should reject the R&R because substantial evidence does not support the ALJ's decision. (Objection 3:22–4:2, ECF No. 18). Specifically, Plaintiff challenges Judge Foley's finding that the ALJ properly evaluated the medical evidence in assessing Plaintiff's residual functional capacity ("RFC"). (*Id.*). According to Plaintiff, the ALJ's decision failed to articulate a sufficient basis for rejecting the treating physician's opinion regarding Plaintiff's capacity for overhead movement. (*See id.* 4:10–18); (*see also* A.R. at 588, ECF No. 11). Plaintiff asserts that this lack of specificity "does not allow for any meaningful review," and therefore Judge Foley erred in concluding that the ALJ's decision to reject Plaintiff's shoulder limitation was supported by substantial evidence. (Objection 5:11–14).

The Secretary's decision to deny benefits "'will be disturbed only if it is not supported by substantial evidence or it is based on legal error.'" *Brawner v. Secretary of Health & Human Services*, 839 F.2d 432, 433 (9th Cir.1987), *quoting Green v. Heckler*, 803 F.2d 528, 529 (9th Cir.1986); *see* 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla" but "less than a preponderance." *Davis v. Heckler*, 868 F.2d 323, 325–26 (9th Cir.1989). In instances where the ALJ rejects the opinion of a treating physician in favor of an examining physician, the ALJ must "make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, the ALJ considered the evaluations of Plaintiff's various treating physicians and medical consultants. (A.R. at 21). The ALJ found that each physician's opinion was "generally consistent" but had some differences in "the degree of specific function-by-function limitations." (*Id.*). Accordingly, to reconcile the slight differences in opinion, the ALJ adopted the function-by-function limitations best supported by the "objective evidence as a whole." (*Id.*). The ALJ therefore provided specific reasoning for assigning "significant, but not full weight" to Plaintiff's treating physician with respect to Plaintiff's capacity for overhead movement. As explained in Judge Foley's R&R, this decision was supported by substantial evidence in the record. Accordingly, and having reviewed Plaintiff's objections *de novo*, the Court finds no basis on which to reject Judge Foley's findings and recommendations.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 17), is accepted and adopted in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 14), is **DENIED**, and Defendant's Cross-Motion to Affirm, (ECF No. 15), is **GRANTED**.

The Clerk of Court is instructed to enter judgment accordingly and close the case.

**DATED** this __11__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge